JOHN V. SUMAN, Defendant in Error, *v.* BRUCE INMAN ET AL., Plaintiffs in Error.

December 31, 1878.

1. The promise of a factor who, having possession of the goods, sells under a *del credere* commission, agreeing to guarantee the sales, rests upon the consideration of his duty and responsibility growing out of his employment, and is not within the Statute of Frauds.

2. A letter written three months after the transaction in issue is not competent, and cannot be introduced by the party by whom it was written, as part of the *res gestæ*.

3. An erroneous instruction given for respondent which could in no wise prejudice appellant, but whose only effect is to impose upon respondent burdens not required of him, is not a ground for a reversal.

ERROR to St. Louis Circuit Court.

*Affirmed.*

G. M. STEWART, for plaintiffs in error: A verbal undertaking by a broker selling on commission to guarantee all sales is a collateral undertaking, and within the Statute of Frauds.— *Canmann* v. *Brunswick*, 3 Mo. App. 586.

T. G. C. DAVIS, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

The second count of plaintiff's petition alleges that defendants were factors and commission-merchants; that plaintiff shipped to them a car-load of goods worth $474, which defendants received and agreed to sell for a commission of five per cent, and guarantee the payment of the proceeds to the plaintiff; that defendants sold the goods to Fox & Co., which firm was then, and ever since has been, insolvent; that plaintiff has received no part of the proceeds of the sale, though demand was made of defendants. Judgment is asked for $474 and interest. There was a general denial, and a counter-claim for commissions. The first count of the petition was abandoned at the trial. There was a verdict and judgment for plaintiff, and the cause comes here by writ of error.

The testimony was contradictory. There was, however, some evidence that the goods were sold on a *del credere* commission. There was also testimony tending to prove the other material facts alleged in the second count of the petition.

1. An instruction in the nature of a demurrer to the evidence was asked by defendants and refused; and it is claimed that, as the contract was not in writing, there was no evidence to support the verdict.

It was formerly said by learned writers that the contract of a factor binding him in the terms implied in a *del credere* commission was a collateral obligation and within the statute. Chitty on Con. (10th ed.) 209. And it was held in

*Morris* v. *Cleashey*, 1 Mee. & W. 556, that the obligation is collateral. But the later cases do not so hold. To quote the language of Judge Curran in *Wolff* v. *Koppel*, 5 Hill, 458 : "It may not be strictly correct to call the contract of a factor a guaranty, in the ordinary sense of the word. The implied promise of the factor is merely that he will sell to persons in good credit at the time ; and in order to charge him, negligence must be shown. He takes an additional commission, however, and adds to his obligation that he will make no sales unless to persons absolutely solvent ; in legal effect, that he will be liable for the loss that his conduct may bring upon plaintiff without the *onus* of proving negligence. The merchant holds the goods, and will not part with them to the factor without this extraordinary stipulation, and a commission is paid to him for entering into it. What is this, after all, but another form of selling the goods? Its consequences are the same in substance. Instead of paying cash, the factor prefers to contract a debt or duty which obliges him to see the money paid. The debt or duty is his own, and arises from an adequate consideration. Upon non-payment by the vendee, the debt falls absolutely upon the factor. * * * The action is, in effect, to recover the factor's own debt." This ruling was followed in England, in *Couturier* v. *Hastie*, 8 Exch. 55, where Parke, B., speaks of the judgment in *Wolff* v. *Koppel* as a very able one, and adopts the reasoning of the case.

The rule that in the case of factors who have possession of the goods, and sell under a *del credere* commission, the agreement is not collateral, and therefore not within the statute, is now too well established to be disturbed. 1 Am. Ld. Cas. 659–663 ; *Bradley* v. *Richardson*, 23 Vt. 720 ; *Swan* v. *Nesmith*, 7 Pick. 222 ; 2 Denio, 228 ; Story on Ag., sect. 215. The factor's promise stands upon the consideration of his own duty and responsibility growing out of his employment. If it terminates in a liability to pay the debt of another, that is a mere incident ; and one ought

not to set up the statute as a pretext to escape the performance of a valid verbal promise for another purpose because in performing it the discharge of another's debt is incidentally involved. Brown on Stat. Fr., sect. 214. If the rule is regarded by any as impolitic, and a wish is felt that cases of this character had been left within the statute, the present case would perhaps strengthen their opinion. The only testimony to the agreement is that of one of the plaintiffs, and his recollection of the conversation in which he says it was made is directly contradicted, not only by the other party to the alleged contract and conversation, but also by one of plaintiff's own witnesses, present at the time of the talk on which this suit is based. And the other testimony tends rather to discredit than to corroborate the recollection of plaintiff as to any understanding that the sales were to be guaranteed by defendants.

2. A letter written by defendants to plaintiff, three months after the sale, was offered in evidence by defendants and excluded. This letter was one asking instructions as to whether defendants should at once sue the purchaser or whether they should wait. We think the letter was too late in time to be considered as connected with the original transaction so as to afford any illustration of its character as part of the *res gestœ*.

3. Defendants offered to show that the goods were not sold to Fox & Co. as stated in the petition, but to the firm of Spencer & Walls, and that Spencer & Walls were solvent at the time. This testimony was excluded. The contract created by a *del credere* commission is an absolute agreement by the factor, private between himself and the principal, and distinct from the sale that he makes, that the debts to which it refers shall be paid at the time they are due; that they shall be cash in the principal's account at the time they are due. In fact, it is by thus regarding it as an original absolute agreement that it is taken out of the Statute of Frauds. If the goods were sold by defendants, and the

proceeds not paid, it is wholly immaterial to whom they were sold. It is true that the instructions given at the instance of plaintiff required the jury to find not only that defendants guaranteed the sale and sold the goods, but also that they sold them to Fox & Co., and that Fox & Co. were insolvent. This was wrong; but it could not prejudice defendants. At the instance of defendants the jury were told that they must find for defendants unless they found from the evidence that defendants guaranteed the sale, and the collection of the proceeds. And at the instance of plaintiff the jury were instructed that if they believed " from the evidence that defendants contracted with plaintiff, as alleged in the second count of the petition, to sell the goods named for a commission of five per cent upon the amount of sales, and guaranteed the payment of the sum for which they should sell the same; and that defendants sold the same to Fox & Co.; and that said Fox & Co. were insolvent, and went into bankruptcy, and never paid plaintiff the sum of $474, or any part thereof, for which defendant sold the said goods, they ought to find for plaintiff," etc. But if plaintiff, disregarding his rights, obtained from the court an instruction which, in addition to all necessary facts, required the jury to find certain other facts, which were immaterial, as a condition precedent to recovery, it does not appear that this could prejudice defendants. And if the evidence offered by defendants was incompetent, it was properly excluded by the court; and it did not become material by reason of an instruction which erroneously declared it to be so. The question, after all, is as to the plaintiff's instruction. It was asked on a wrong theory of the law. The effect of it, however, was merely to impose upon plaintiff an unnecessary burden.

No statement or brief has been filed by counsel for defendant in error. They submit the cause upon the record alone. As nothing appears in the record to warrant a reversal of the judgment, it is affirmed. All the judges concur.